IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERMAN CALDERON-RODRIGUEZ,

        Petitioner,

vs.                                                                                                          No. CIV 12-0691 JB/ACT

RAY TERRY, Warden of Otero County
Processing Center, in his official
capacity,

        Respondent.

## **MEMORANDUM OPINION AND AMENDED ORDER[1]**

**THIS MATTER** comes before the Court on Petitioner German Calderon-Rodriguez' Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus & 2254, or May Be Construed as a Writ of Coram Nobis if Appropriate, filed June 25, 2012 (Doc. 1)("Petition"). The Respondent Ray Terry, Warden of Otero County Processing Center, in his official capacity, filed the Government's Answer and Motion to Dismiss Petition Under 28 U.S.C. § 2241 For Writ Of Habeas Corpus and § 2254, or may be Construed as a Writ of Coram Nobis if Appropriate, filed on June 25, 2012, filed August 24, 2012 (Doc. 7)("Motion to Dismiss"). The Court has considered the parties' filings and the relevant law, and after being fully advised, finds that it should grant the Motion to Dismiss.

---

[1] On March 29, 2013, the Court entered an Order denying the Respondent Ray Terry's Government's Answer and Motion to Dismiss Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus and § 2254, or as may be Construed as a Writ of Coram Nobis, if Appropriate, filed June 25, 2012, filed August 24, 2012 (Doc. 7)("Motion to Dismiss). See Order at 1, filed March 29, 2013 (Doc. 16). After further reflection, the Court grants the Motion to Dismiss.

**FACTUAL BACKGROUND**

Calderon-Rodriguez is a citizen of Mexico who became a lawful Permanent Resident of the United States of America in 2003.  See Petition at 1.  The State of Texas charged Calderon-Rodriguez with Aggravated Assault with a Deadly Weapon, in violation of Texas Penal Code Section 22.02(a)(2), in Scurry County, Snyder, Texas.  See Petition at 1.  Before the plea hearing in that case, on January 9, 2012, a Texas state court judge appointed attorney Peter Lopez to act as ad litem attorney to Calderon-Rodriguez "to assist him in contacting and/or employing an attorney due to a language difficulty and a hold placed against said Defendant by [Immigration and Customs Enforcement] ICE that prevents said Defendant from bonding out of jail and contacting an attorney on his own."  Petition at 24.  Calderon-Rodriguez was unable to obtain counsel even with Mr. Lopez' assistance, and, therefore, Calderon-Rodriguez requested that the court appoint him an attorney.  See Motion to Dismiss at 3.  The court granted that request and appointed Mr. Lopez to represent Calderon-Rodriguez in the criminal case.  See Motion to Dismiss at 3.

During the March 26, 2012 plea hearing, Calderon-Rodriguez pleaded no contest to the charge.  See Motion to Dismiss at 3.  The Court advised Calderon-Rodriguez that his plea of no contest might result in his deportation, exclusion from admission to this country, or a denial of naturalization under federal law.  See Motion to Dismiss at 6-7.  Calderon-Rodriguez acknowledged that he had had the opportunity to discuss the possible immigration consequences with his attorney, was aware of the possible consequences of his plea of no contest, and that his attorney had explained those possible consequences to him.  See Motion to Dismiss at 7.

The Texas state court sentenced Calderon-Rodriguez to a ten-year deferred sentence and imposed a fine.[2]  See Petition at 11.  Even though the state court suspended Calderon-Rodriguez' sentence, the state court explained that "immigration and custom officials might treat this deferred adjudication probation as a conviction, and they might deport you.  They might deny your re-entry into this country, and they might deny your effort to become a naturalized citizen."  Motion to Dismiss at 7.

## PROCEDURAL BACKGROUND

Calderon-Rodriguez did not appeal his conviction to a Texas state appellate court.[3]  It appears that Petitioner also did not file a habeas corpus petition in the state courts.  Rather, Calderon-Rodriguez filed his Petition in federal court without first raising any of the issues in a post-conviction state court proceeding.  Calderon-Rodriguez is currently in ICE's custody and is facing removal proceedings.  See Petition at 16.

Petitioner German Calderon-Rodriguez filed the Petitioner's Reply to the Government's Answer Re: [Document 7] Filed: 08/24/2012, on November 15, 2012 (Doc. 13)("Reply").  Petitioner additionally filed a second Petition Under 28 U.S.C. § 2241 For Writ Of Habeas Corpus on October 1, 2012 (Doc. 11)("Second Petition"), and a third Petition Under 28 U.S.C. § 2241 For Writ Of Habeas Corpus, on January 25, 2013 (Doc. 14)("Third Petition").

As an initial matter, Calderon-Rodriguez' Reply, Second Petition and Third Petition were filed without the parties' consent and without leave of the Court.  Calderon-Rodriguez' Reply reiterates the claims set forth in his Petition as well as asserts additional claims and seeks

---

[2] Calderon-Rodriguez does not contest any portion of the fine.
[3] According to the transcript of his plea hearing, Calderon-Rodriguez waived his right to any appeal.  See Transcript of Plea Hearing at 33:16-21, filed August 24, 2012 (Doc. 7-1).

additional relief.[4] Calderon-Rodriguez asserts additional claims in both the Second and Third Petitions.[5] Calderon-Rodriguez did not amend his petition within twenty-one days after serving it or within twenty-one days after service of Terry's Motion to Dismiss.[6] Calderon-Rodriguez did not obtain the Terry's written consent or seek leave of the Court to file his Reply, Second Petition, or Third Petition. At the time Calderon-Rodriguez filed his Petition, a final removal order had not been issued. In Calderon-Rodriguez' supplemental pleadings he alleges that he has been ordered deported, see Second Petition at 1, and that his deportation order is pending before the Board of Immigration Appeals ("BIA"), Third Petition at 1.

## LAW REGARDING CONSTRUCTION OF PRO SE PLAINTIFFS' PLEADINGS

Although the Court must liberally construe the pleadings of the pro se petitioner, see Haines v. Kerner, 104 U.S. 519, 520-21 (1972), it cannot act as a pro se petitioner's advocate, and the petitioner must comply with the fundamental requirements of the Federal Rules of Civil Procedure, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Where a plaintiff appears

---

[4] For example, Calderon-Rodriguez alleges that he did not receive a fair trial because the state court failed to issue a "written order" of appointment of his counsel, he did not understand the court's admonishments regarding the immigration consequences of the guilty plea, Reply at 2, that he only said "yes" in the state court proceedings because his attorney told him to say yes and "because of some promises," Reply at 2. Calderon-Rodriguez further alleges that his counsel's, Peter Lopez', performance was deficient for "not negotiating a plea bargain agreement that would not make the petitioner deportable." Reply at 4. Calderon-Rodriguez did not make any of these claims in in the Petition. Additionally, Calderon-Rodriguez seeks a "Pate" hearing, and asks that the Court order Mr. Lopez to provide an affidavit. Reply at 3.

[5] For example, in the Second Petition, Calderon-Rodriguez asserts that he is challenging his detention in Chaparral, New Mexico, claiming a violation of his due-process rights. Calderon-Rodriguez also asserts that he is challenging the immigration policies, "the venue rule," and the use of video teleconferencing. Second Petition at 3, 4. In the Third Petition, Calderon-Rodriguez asserts that he is challenging his immigration detention "without a bond hearing or release under my own recognizance or in the alternative supervised release." Third Petition at 3. Calderon-Rodriguez did not make any of these claims in the original Petition.

[6] Indeed, Calderon-Rodriguez filed the Reply almost three months after the Motion to Dismiss.

pro se, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." Johnson v. Johnson, 466 F.3d 1213, 1214 (10th Cir. 2006).  The United States Court of Appeals for the Tenth Circuit has explained that "dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  Oxendine v. Kaplan, 241 F.3d 1272, 1275 (10th Cir. 2001)(citing Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999)).  While a pro se litigant's pleadings are held to less stringent standards, they must nevertheless comply with the same procedural rules as other litigants.  See Barnes v. United States, 173 F. A'ppx. 695, 697 (10th Cir. 2006)(unpublished).[7]  It is not the district court's function to assume the role of advocate for the pro se litigant.  See Bergman v. LaCouture, 218 F. A'ppx. 749, 750 (10th Cir. 2007)(unpublished).

**RELEVANT LAW REGARDING AMENDING HABEAS CORPUS PETITIONS**

A petitioner may amend or supplement a writ of habeas corpus as the Federal Rules of Civil Procedure provides.  See 28 U.S.C. § 2242.  Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course within twenty-one days after serving the pleading, or if the pleading is one to which a responsive pleading is

---

[7] Barnes v. United States is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . .  However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court finds that Barnes v. United States has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Amended Order.

required, twenty-one days after service of a responsive pleading or service of a motion under rule 12(b), (e), or (f), whichever is earlier.  See Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

## LAW REGARDING EXHAUSTION OF STATE-COURT REMEDIES

A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition.  See Bland v. Sirmons, 459 F.3d 999, 1011 (10th Cir. 2006)(unpublished)(citing 28 U.S.C. § 2254(b)(1)(A)).  A petitioner has exhausted a claim when it has been "fairly presented" to the state court.  See Bland v. Sirmons, 459 F.3d at 1011 (citing Picard v. Connor, 404 U.S. 270, 275 (1971)).  "Fair presentation" requires more than presenting "all the facts necessary to support the federal claim" to the state court or articulating a "somewhat similar state-law claim."  Bland v. Sirmons, 459 F3d at 1011 (quoting Anderson v. Harless, 459 U.S. 4, 6 (1982)(per curiam)).  "Fair presentation" means that the petitioner has raised the "substance" of the federal claim in state court.  Bland v. Sirmons, 459 F3d at 1011 (citing Picard v. Connor, 404 U.S. at 278).

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations on filing a § 2254 petition.  Williams v. Workman, 448 F. App'x 828, 829 (10th Cir. 2011)(citing 28 U.S.C. § 2244(d)(1)).  This limitations period begins to run on "the date on which the judgment [becomes] final by the conclusion of direct review or the expiration of the time for seeking such review."  Williams v. Workman, 448 F. App'x at 829.

**ANALYSIS**

The Reply is untimely as it was not filed within fourteen calendar days of Terry's Motion to Dismiss.[8]  However, to the extent Petitioner's Reply is directed at the Respondent's Motion to Dismiss, it will be considered by the Court.  Otherwise, the Court will construe the additional claims and request for relief in the Reply, and the Second and Third Petitions as Petitioner's attempt to amend or supplement his original Petition.  The Court will, therefore, not consider Calderon-Rodriguez' additional claims set forth in the Reply, the Second Petition, and the Third Petition, because they are filed in violation of rule 15.

**I.     THE COURT WILL DISMISS CALDERON-RODRIGUEZ' CLAIMS.**

Calderon-Rodriguez states four claims as the basis of his Petition. In Ground One, Calderon-Rodriguez seeks a "motion for stay of removal." Petition at 3.  In Ground Two, Calderon-Rodriguez seeks a "Gideon" claim alleging that the state court "denied him an indigent appointed counsel."[9] Petition at 5.  Calderon-Rodriguez also alleges that the state court erred in failing to warn him regarding the deportation consequences of his plea.  See Petition at 5.  In Ground Three, Calderon-Rodriguez alleges that his counsel was ineffective in violation of his Sixth Amendment rights, for failure to warn against deportation consequences "during plea stage."  Petition at 6.  Finally, in Ground Four, Calderon-Rodriguez alleges a potential claim "in

---

[8] Rule 5 of the Rules Governing § 2254 Cases provides that Calderon-Rodriguez may submit a reply to Terry's answer within a time that the judge fixes.  If the court does not set a time for a reply, the court may decide to include such a time limit in its local rules.  See Rule 5 of the Rules Governing § 2254; Advisory Committee Notes on 2004 Amendments to Fed. R.-Section 2254 Cases 5.  The District of New Mexico Local Rules provides that a response to a motion must be served and filed within fourteen calendar days after service of the motion.  See D.N.M.LR-Civ. 7.4(a).

[9] Presumably Calderon-Rodriguez is referring to Gideon v. Wainwright, 372 U.S. 335 (1963)(holding that, under the 6th Amendment, an indigent defendant in a criminal prosecution in a state court has the right to have counsel appointed for him.).

case the 'IJ' (Immigration Judge) and DHS/ICE deport me in an arbitrary and capricious manner." Petition at 7. Grounds One and Four fail for lack of jurisdiction and Grounds Two and Three fail for failure to exhaust. The Court, therefore, dismisses Calderon-Rodriguez' claims.

### A. GROUND ONE AND GROUND FOUR FAIL FOR LACK OF JURISDICTION.

In Ground One, Calderon-Rodriguez requests a stay of his deportation. Similarly, Ground Four seeks relief from a potential final order "in case" Calderon-Rodriguez is deported in an arbitrary or capricious manner.[10] The Court lacks jurisdiction to make any determinations with regard to Calderon-Rodriguez' removal from the United States. The REAL ID Act, 8 U.S.C. § 1252, has foreclosed this Court's jurisdiction to hear the present matter:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Barzakov v. Longshore, No. CIV 09-01395-WYD-CBS, 2009 WL 1706711, at *1 (D. Colo. June 16, 2009)(quoting 8 U.S.C. § 1252(g)). Subsection (a)(5) of Title 8, United States Code Section 1252 vests review of removal orders exclusively in the appropriate court of appeals. See Barzakov v. Longshore, 2009 WL 1706711, at *2 (citing 8 U.S.C. § 1252(a)(5)). The Supreme Court of the United States has held that challenges to detention can be brought as habeas petitions under 28 U.S.C. § 2241, where they do not seek review of the Attorney General's exercise of discretion. See Demore v. Kim, 538 U.S. 510, 516-17 (2003); Zadvydas v. Davis, 533 U.S. 678, 687 (2001). Grounds One and Four, however, do not challenge the Attorney General's execution of the removal order because Calderon-Rodriguez is in fact challenging the

---

[10] The subsequent order of deportation and the fact that it is pending in the BIA does not change the fact that the Court lacks jurisdiction, as discussed herein.

- 8 -

Attorney General's discretionary authority to remove him and to execute his removal. Accordingly, the Court does not have jurisdiction to entertain the requests in Grounds One and Four. Additionally, because Calderon-Rodriguez' order of removal is apparently "pending" in the BIA, it is not ripe for review, even in the Tenth Circuit. See Soberanes v. Comfort, 388 F.3d 1305, 1308 (10th Cir. 2004)("challenges to the unappealed deportation order are not properly before us: if never brought before the BIA, they are unreviewable for failure to exhaust administrative remedies . . . .").

### B.  GROUND TWO AND GROUND THREE FAIL FOR LACK OF EXHAUSTION OF ADMINISTRATIVE REMEDIES.

In Ground Two, Calderon-Rodriguez alleges that the state court failed to appoint counsel and failed to warn him of the immigration consequences of his plea. In Ground Three, Calderon-Rodriguez alleges that his legal counsel was ineffective in violation of his Fifth and Sixth Amendment Rights in that he failed to warn Calderon-Rodriguez of the immigration consequences of his plea. These claims fail, because Petitioner admits he has not exhausted his administrative or judicial remedies.

Terry argues that Calderon-Rodriguez has failed to exhaust his administrative remedies, and, therefore, § 2254 bars Calderon-Rodriguez' claims. In this case, Calderon-Rodriguez admits that he did not exhaust all available administrative or judicial remedies relating to Grounds Two or Three. See Petition at 5-6. Calderon-Rodriguez explains that "[t]he immigration judges and DHS/ICE do not permit the pro se indigent detainees the necessary time needed to challenge the state convictions . . . ." Petition at 4-6 (stating the reason for failing to exhaust is "[s]ame as in ground one."). The immigration judges and DHS/ICE officials, however, do not control the time limitations in which Calderon-Rodriguez may challenge his conviction in the state courts. Petitioner may be able to challenge his conviction in the state

court that convicted him in accordance with the rules of that court.[11]  Calderon-Rodriguez admits that, thus far, he has not.  Because Calderon-Rodriguez admits he failed to exhaust his administrative and judicial remedies and there is no indication that Texas waived the exhaustion requirement, Grounds Two and Three are barred in this court.[12]

Last, the Court will deny a certificate of appealability.  The record clearly demonstrates that the court appointed Mr. Lopez as Calderon-Rodriguez' counsel to represent him in his criminal charges.  Given Calderon-Rodriguez' challenges in affording representation, the state court asked Calderon-Rodriguez: "What would your feelings be --- what would your wishes or feelings be about me appointing Mr. Lopez to represent you in your criminal case?"  Motion to Dismiss at 8 (citing Transcript of January 9, 2012 Hearing at 13:23-14:8, filed August 24, 2012 (Doc. 7-1)).  Calderon-Rodriguez responded: "That would be good."  Motion to Dismiss at 8 (citing Transcript of January 9, 2012 Hearing at 13:23-14:8, filed August 24, 2012 (Doc. 7-1)).  Mr. Lopez agreed to represent Calderon-Rodriguez and the state court proceeded to appoint Mr. Lopez to represent Petitioner.  See Transcript of January 9, 2012 Hearing at 14:8-20.  The state court, therefore, did not fail to appoint indigent criminal counsel for Calderon-Rodriguez, as he alleges.  Further, Calderon-Rodriguez knew about the immigration consequences of his no-contest plea.  The state court advised Calderon-Rodriguez of the immigration consequences of

---

[11] The Court does not make any ruling whether any such challenge by Calderon-Rodriguez would be timely or otherwise available in state court.  Timeliness is a matter for the Texas courts.

[12] According to dates in the Petition, it appears that Calderon-Rodriguez' § 2254 claims may be time barred.  Calderon-Rodriguez' conviction became final on March 26, 2012.  Although post-conviction review in state court would potentially toll the limitations period, it appears that Calderon-Rodriguez has not filed for any such relief as he indicates that he has not exhausted his administrative or judicial remedies as to Grounds Two and Three.  See Petition at 5, 6.

his plea and Petitioner acknowledged that he understood those consequences.  See Transcript of Plea Hearing at 34:2-14. Calderon-Rodriguez agreed that he had discussed the immigration consequences with his attorney and that his attorney answered all of questions Calderon-Rodriguez had about possible deportation.  See Transcript of Plea Hearing at 34:10-23.  It is clear that Calderon-Rodriguez was aware of the immigration consequences of his plea.  Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court determines that Petitioner's allegations under § 2254 fail to make a substantial showing that he has been denied a constitutional right.  The Court will therefore deny a certificate of appealability of his § 2254 claims.

The Court lacks jurisdiction over Grounds One and Four, and Calderon-Rodriguez has failed to exhaust his administrative and judicial remedies with respect to Grounds Two and Three.  The Court will, therefore, dismiss the Petition.  The Court will deny a certificate of appealability because Calderon-Rodriguez has not made a substantial showing that his constitutional rights were violated.

**IT IS ORDERED** that: (i) the Government's Answer and Motion to Dismiss Petition Under 28 U.S.C. § 2241 For Writ Of Habeas Corpus and § 2254, or may be Construed as a Writ of Coram Nobis if Appropriate, filed on June 25, 2012, filed August 24, 2012 (Doc. 7), is granted; (ii) Petitioner's German Calderon-Rodriguez' Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus & 2254, or May Be Construed as a Writ of Coram Nobis if Appropriate, filed June 25, 2012 (Doc. 1), is dismissed; and (iii) pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court denies Calderon-Rodriguez a certificate of appealability of claims under 28 U.S.C. § 2254.

- 12 -

_____
UNITED STATES DITRICT JUDGE

*Parties and Counsel:*

German Calderon-Rodriguez
Otero County Processing Center
Chaparral, New Mexico

    *Petitioner pro se*

Kenneth J. Gonzalez
  United States Attorney
William J. Pflugrath
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Respondent*